NOT DESIGNATED FOR PUBLICATION

Nos. 120,749
120,750

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KENNETH PETERSON,
*Appellant*.


MEMORANDUM OPINION


Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed December 6, 2019. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).


Before ARNOLD-BURGER, C.J., PIERRON and STANDRIDGE, JJ.


PER CURIAM: Kenneth Peterson appeals the district court's decision to revoke his probation and impose his underlying prison sentence. We granted Peterson's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State has filed a response and requests the district court's judgment be affirmed. Finding no error, we affirm the district court.


FACTUAL AND PROCEDURAL HISTORY


In July 2017, Peterson pled guilty to possession of methamphetamine in case No. 17 CR 479 and attempted theft in case No. 17 CR 1864. In accordance with the

1

recommendations set forth by the sentencing guidelines, on August 23, 2017, the district court sentenced Peterson to 28 months in prison but released him on probation for a term of 18 months.

Only six days later, the State filed a warrant alleging that Peterson had been arrested on August 26, 2017, for possession of a controlled substance and possession of drug paraphernalia. As a result, the State claimed that Peterson had violated the terms of his probation due to his arrest and his failure to notify his intensive supervision officer (ISO) of his contact with law enforcement.

On September 28, 2017, the State filed a warrant alleging that Peterson again had violated the terms of his probation due to his September arrest for possession of a controlled substance, possession of drug paraphernalia, and interference with a law enforcement officer. The State asserted that Peterson also had failed to notify his ISO of his contact with law enforcement.

The parties appeared at a probation violation hearing on November 7, 2017, where Peterson admitted to the State's allegations. The district court accepted Peterson's admission and found that Peterson had violated the terms and conditions of his probation. The court then ordered Peterson to serve a three-day "quick dip" jail sentence and required him to remain in custody until space became available at the Residential Community Corrections Program. The court also extended Peterson's probation for 18 months and ordered him to complete a residential drug treatment program and to continue with outpatient treatment thereafter.

On November 20, 2017, the State filed a warrant alleging that Peterson had absconded from the Residential Center and that his whereabouts were unknown.

On January 11, 2019, the parties appeared at a probation violation hearing, where defense counsel advised that Peterson had pled guilty to a charge of aggravated escape from custody. Thus, Peterson stipulated to committing a new crime while on probation. The district court accepted Peterson's stipulation and found that he had violated the terms of his probation. The State argued that Peterson's history established that he was not amenable to probation and asked the court to impose his prison sentence. Peterson requested another chance at probation, advising the court that he had been pursuing treatment options during his incarceration at the county jail and had qualified for inpatient treatment. Peterson claimed that he was now in a better position to have success with inpatient treatment because he had been sober for a significant period of time due to his lengthy incarceration. Based on Peterson's guilty plea to the new crime of aggravated escape from custody, the court denied Peterson's request for probation and imposed the 28-month prison sentence.

LEGAL ANALYSIS

A district court may revoke probation without first imposing an intermediate sanction when an offender commits a new crime or absconds from supervision while on probation. K.S.A. 2018 Supp. 22-3716(c)(8)(A), (B)(i). Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An appellate court reviews the district court's decision to revoke probation for an abuse of discretion. See *State v. Brown*, 51 Kan. App. 2d 876, 879, 357 P.3d 296 (2015). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the district court, (2) it is based on an error of law, or (3) it is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). The party asserting an abuse of discretion bears the burden of establishing it. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Peterson fails to present any facts which support an abuse of discretion. The district court revoked Peterson's probation pursuant to K.S.A. 2018 Supp. 22-3716(c)(8). There is no dispute that Peterson violated his probation by committing the crime of aggravated escape from custody. Peterson's actions provide a sufficient factual and legal basis for the district court's decision to revoke his probation and impose his underlying prison sentence. Based on a complete review of the record, we find both factual and statutory support for the district court's ruling. And we have no trouble concluding that a reasonable person could agree with the district court's decision to revoke Peterson's probation and impose his underlying 28-month prison sentence.

Affirmed.